Law Office L. Marcel Stewart
L. Marcel Stewart, Esq., SBN #250920
Payton T. Randle, Esq., SBN #324166
600 B Street, Suite 2050
San Diego, CA 92101
Tel:   619.702.4123
Fax:   888.810.9115
Email: lmslaw@att.net

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandon Lee Thomas (individually and as successor in interest for Michael Thomas),<br><br>          Plaintiff,<br><br>     v.<br><br>The United States of America Veterans Affairs Hospital, a government entity,<br><br>          Defendants. | CASE NO.  **'19CV0100 L    LL**<br><br>COMPLAINT FOR DAMAGES:<br><br>1.  WRONGFUL DEATH [CAL. CODE OF CIVIL PROCEDURE § 377.60]; AND<br>2.  SURVIVAL ACTION FOR MEDICAL NEGLIGENCE BY BRANDON THOMAS AS SUCCESSOR IN INTEREST [CAL. CODE OF CIVIL PROCEDURE § 377.30] |

_____

1

_____

# I.

## JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act, 28 United States Code §§ 1346(b), 2401(b) and 2671 et seq.

2. Defendant, the United States of America, Department of Veterans Affairs, a federal agency, at all times mentioned in this Complaint, did and still does own and operate a hospital known as Veterans Affairs Hospital San Diego.

3. Venue is proper pursuant to 28 U.S.C § 1402 because at all times relevant, all of the wrongful acts and/or missions complained of herein occurred on the premises of the San Diego VA, which is in this judicial district.

4. This Court has jurisdiction over all causes of action asserted against the federal government pursuant to 28 U.S.C. § 1346 because this is a civil action against the United States of America for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of her employment.

5. Plaintiff served an administrative tort claim on the United States of America, Department of Veterans Affairs on May 2, 2018. The claim was neither accepted nor rejected within six months of service.

# II.

## THE PARTIES

6. Plaintiff Brandon Lee Thomas ("Plaintiff") is a natural person who is, and at all times mentioned in this Complaint was, a resident of Wilmington North Carolina.

7. Plaintiff is the biological son and sole heir of Michael James Thomas ("Decedent").

2

Thomas v. Department of Veteran's Affairs

Complaint for Damages

8.  The Decedent was a resident of San Diego County at all times relevant to this Complaint and the acts that give rise to the claims in this Complaint relate to medical care provided to the Decedent by the San Diego VA.

9.  As Decedent's successor in interest, Plaintiff is lawfully entitled to pursue all claims and causes of action for damages on behalf of Decedent's estate pursuant to California Code of Civil Procedure Sections 377.30, 377.60, 377.61 and 377.34. See Brandon Thomas Dec. Dated No. 29, 2018, Exhibit One.

10. Defendant San Diego VA is an executive agency of the United States Government. Defendant San Diego VA is a duly formed corporation under the laws of the State of California and operated a place of business at 3350 La Jolla Village Dr., San Diego, California 92161.

11. Defendant Andrea D. Bianco, Nurse Practitioner ("Defendant Bianco"), is a natural person who is, and at all times relevant to this complaint was a resident of San Diego County and San Diego VA employee.

12. Defendant San Diego VA and Defendant Bianco named in this Complaint are collectively referred to as "All Defendants."

## III.
## GENERAL ALLEGATIONS

13. Defendant Bianco was the Decedent's primary care provider at Defendant San Diego VA at all times relevant to the allegations in this Complaint.

14. Between March to September 2017, while providing primary care to the Decedent, Defendant Bianco overlooked various cancer red flags and failed to follow-up on several medical notes she received from other health care providers in the VA health system advising her that the Decedent had serious signs of declining health, including but not limited to: nearly 60 pounds of unintentional weight loss in approximately one year, significant and ongoing pain in his jaw/neck, a lump in his jaw/neck, inability to eat, long term history of smoking multiple packs of cigarettes a day and parental history of cancer.

Thomas v. Department of Veteran's Affairs

Complaint for Damages

15. Moreover, on or about June 16, 2017, Defendant Bianco performed the Decedent's annual exam during which time she failed to engage in the deferential diagnosis process or otherwise evaluate his many known cancer symptoms and/or risk factors.

16. Furthermore, in the medical records for Decedent's June 16, 2017 annual exam, Defendant Bianco listed the Decedent's order for blood testing as "pending." Yet, on information and belief, she failed to ever order the blood testing, which would have revealed important cancer screening information such as a declining complete blood count.

17. After the Decedent was admitted to the hospital for emergency care on August 31, 2017 for pain in his neck and abdomen, he was found to have a 6-centimeter oropharyngeal mass and bilateral necrotic lymph nodes.

18. The Decedent was subsequently diagnosed with cancer.

19. However, by the time he was admitted for treatment on August 31, 2017, the Decedent's throat cancer had progressed to a non-treatable stage, resulting in the Decedents' untimely death on September 25, 2017. <u>See</u> Michael Thomas Death Cert. Dated Sept. 25, 2017, Exhibit One-A.

## IV.
## <u>FIRST CAUSE OF ACTION</u>

### SURVIVAL ACTION FOR MEDICAL NEGLIGENCE
### (Brought by Plaintiff as Successor in Interest Against All Defendants)

20. Plaintiffs reallege and incorporate the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

21. Defendant Bianco was the agent and employee of her codefendant, San Diego VA and, in providing the Decendent primary services as alleged in this Complaint, she was acting within the course and scope of her employment as a nurse practitioner.

4

<u>Thomas v. Department of Veteran's Affairs</u>

Complaint for Damages

22. San Diego VA is vicariously liable for the negligent care provided to the Decedent by its employee, Defendant Bianco.

23. Defendant Bianco owed Decedent a duty to use the care and skill that reasonably prudent nurse practitioner would have used when providing primary care to the Decedent.

24. Bianco has breached the professional duty owed to Decedent by failing to take all reasonable and necessary precautions to ensure that Decedent received adequate and timely treatment.

25. The breach of the duty of care owed by All Defendants was a substantial factor causing the Decedent to suffer tremendous physical, emotional, economic, and fatal harm as well as other damages to be proven at the time of trial.

26. Plaintiff hereby seek recovery of other such relief as may be just and provided for under Civil Code section 377.34.

27. WHEREFORE, Plaintiff demands judgment against All Defendant for medical negligence and requests an award of damages in an amount that is fair and just.

## SECOND CAUSE OF ACTION
**WRONGFUL DEATH**
**(Brought by Plaintiff individually Against All Defendants)**
**All Defendant)**

28. Plaintiff realleges and incorporate the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

29. By reason of the wrongful death of Decedent that resulted from the wrongful acts and omissions of All Defendants, Plaintiff suffered and continues to suffer loss of love, companionship, comfort, affection, solace, and moral support of Decedent in an amount to be determined at trial.

Thomas v. Department of Veteran's Affairs

Complaint for Damages

30. Plaintiff hereby seek recovery of other such relief as may be just and provided for under Civil Code section 377.61.

WHEREFORE, Plaintiff demands judgment against All Defendant for wrongful death and requests an award of damages in an amount that is fair and just.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief on all claims as follows:

31. General and special compensatory damages according to proof; and

32. Such relief as the Court may deem proper

Dated: January 14, 2019

Respectfully submitted,

**LAW OFFICE OF L. MARCEL STEWART**

/s/L. Marcel Stewart
L. Marcel Stewart, Esq.
Payton T. Randle, Esq.

Attorneys for Brandon Thomas

6

Thomas v. Department of Veteran's Affairs

Complaint for Damages