UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRANDON LEE THOMAS, individually, and as successor in interest to Decedent Michael Thomas,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 19cv100-L-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>**[ECF No. 13]** |
|---|---|

Currently before the Court is Plaintiff's Motion to Continue Scheduling Order [ECF No. 14] and Defendant's Response [ECF No. 15]. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

## **RELEVANT BACKGROUND**

On June 14, 2019, the Court issued a Scheduling Order which contained, as pertinent here, the following deadlines:

|  | **Deadline** |
|---|---|
| Completion of Fact Discovery | December 13, 2019 |
| Expert Designations | November 15, 2019 |
| Rebuttal Expert Designations | November 29, 2019 |
| Expert Disclosures | December 20, 2019 |

1

| Rebuttal Expert Disclosures | January 17, 2020 |
|---|---|
| Completion of Expert Discovery | February 21, 2020 |

ECF No. 11.

Despite fact discovery having already closed, Plaintiff has not propounded any written discovery and has taken only one deposition. ECF No. 14 at 2. In addition, the record shows Plaintiff did not serve expert witness designations until November 21, 2019 (after being prompted to do so by Defendant). ECF No 15-2 at 2, 4. Further, Plaintiff did not (and has not yet) served expert disclosures. See ECF No. 15-2 at 7.

In explanation, Plaintiff's lead counsel, Mr. Marcel Stewart asserts he was unaware that fact discovery had closed or that Plaintiff had not timely served its expert disclosures until he received Defendant's expert disclosures—after which he reviewed the Court's Scheduling Order. ECF No. 14 at 3. Mr. Stewart attributes this error to a calendaring mistake made by an associate attorney who Mr. Stewart claims did not enter the Court's Scheduling Order into the office calendar. Id. at 2. Mr. Stewart asserts this error was further compounded because this associate left the firm on November 27, 2019. Id. at 3.

Plaintiff now belatedly seeks a sixty-day continuance of "the scheduling order deadlines[.]" Id.

## **ANALYSIS**

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 11 at 7 ("The dates and times set forth herein will not be modified except for good cause shown."). The Rule 16 good cause standard primarily focuses on the diligence of the moving party. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Mr. Stewart argues that "it is common that attorneys rely on their staff to assist with matters" and that "it is cognizable that a clerical mishap such as this could occur." ECF

2

No. 14 at 4. As the Ninth Circuit has instructed however, "[c]arelessness is not compatible with a finding of diligence[.]" Johnson, 975 F.2d at 609.

Plaintiff's counsel's failure to properly calendar dates does not set forth good cause or excusable neglect to modify the Court's Scheduling Order. See Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (counsel's inadvertent failure to calendar deadline does not constitute "good cause"); Andreoli v. Youngevity Int'l, Inc., No. 16-cv-02922-BTM-JLB, 2018 U.S. Dist. LEXIS 179465, at *7 (S.D. Cal. Oct. 17, 2018) ("The Court is unpersuaded by Plaintiff's argument that a change in Plaintiff's principal counsel of record and a resulting switch in the support staff tasked with calendaring deadlines amounts to excusable neglect."); O'Bryan v. Pier 1 Imps., (U.S.), Inc., No. 17cv1027-WQH-MDD, 2018 U.S. Dist. LEXIS 35751, at *3-4 (S.D. Cal. Mar. 5, 2018) (internal calendaring error not good cause to grant request to amend scheduling order and reopen discovery); Friedman v. Albertson's, LLC, No. 14-CV-828 WQH (NLS), 2015 U.S. Dist. LEXIS 99844, at *7 (S.D. Cal. July 30, 2015) ("[D]efense counsel's mis-calendaring of the parties' rebuttal designation deadline militates against a finding of good cause.").

Even taking this supposed "clerical" error aside, Mr. Stewart's actions also militate against a finding of good cause or excusable neglect. Specifically, Mr. Stewart, as Plaintiff's lead counsel, provides no explanation for why he did not bother to review the Court's Scheduling Order until after Defendant had served its expert disclosures. As Defendant notes, Defendant's November 20, 2019 e-mail informing Plaintiff's counsel that Plaintiff had not met the deadline for exchanging expert designations was sent to a "Work" listserv that presumably included Mr. Stewart. See ECF No. 15 at 2, fn. 1. Further, the e-mail was addressed directly to Mr. Stewart. ECF No. 15-2 at 2. This e-mail should have prompted Mr. Stewart to review the deadlines set forth in Court's Scheduling Order. Instead, Mr. Stewart appears to have neglected to look at these deadlines until December 23, 2019—over six months after the Court issued its Scheduling Order.

Despite his carelessness, Mr. Stewart argues that the "failure to grant this continuance would virtually preclude" this matter from being resolved on the merits. ECF

No. 14 at 4. Defendant appears to concede this point, noting that "[a] plaintiff alleging medical malpractice must establish a breach of the standard of care through expert medical testimony." ECF No. 15 at 3.

The Court is mindful that the procedural rules governing civil actions are to be construed to achieve the just determination of every action. See Fed. R. Civ. P. 1. "It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems." Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983).

In balance, in order to effectuate the general purpose of seeing that this case is tried on the merits, the Court will **GRANT IN PART** Plaintiff's request as follows:

|  | **Current Deadline** | **New Deadline** |
|---|---|---|
| Expert Disclosures | December 20, 2019 | January 31, 2020 |
| Rebuttal Expert Disclosures | January 17, 2020 | February 14, 2020 |
| Completion of Expert Discovery | February 21, 2020 | March 2, 2020 |

Even so, a scheduling order "is not a frivolous piece of paper idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610. Plaintiff's request to re-open fact discovery and continue any other deadlines is therefore **DENIED.** While the Court recognizes that Plaintiff may be harmed by his counsel's neglect in timely seeking discovery, as the Ninth Circuit recognizes, "litigants are bound by the conduct of their attorneys, absent egregious circumstances[.]" Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985)

The Court also finds it appropriate to sanction Plaintiff's counsel for its failure to properly adhere to the Court's Scheduling Order. See Rule 16(f)(1)(C). For these reasons, on or before **January 21, 2020**, Defendant's counsel shall submit a declaration setting forth the hours and fees incurred in opposing Plaintiff's Motion to Continue. Plaintiff may file

4

objections to Defendant's declaration on or before **January 28, 2020**. Defendant's declaration and Plaintiff's Response **shall not exceed three pages in length.**

**IT IS SO ORDERED.**

Dated: January 14, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge